AO 106 (Rev. 06/09)   Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| In the Matter of the Search of ) | |
| ) | Case No. 4:24 MJ 3240 NCC |
| INFORMATION ASSOCIATED WITH ) | |
| WHATSAPP ACCOUNT +52-6633272593 THAT ) | |
| IS STORED AT PREMISES CONTROLLED BY ) | SIGNED AND SUBMITTED TO THE COURT |
| WHATSAPP LLC. ) | FOR FILING BY RELIABLE ELECTRONIC MEANS |

## APPLICATION FOR A SEARCH WARRANT

I, __Drew Polan__, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

INFORMATION ASSOCIATED WITH WHATSAPP ACCOUNT +52-6633272593 THAT IS STORED AT PREMISES CONTROLLED BY WHATSAPP LLC, further described in Attachment A.

located in the __EASTERN__ District of __MISSOURI__, there is now concealed

see ATTACHMENT B.

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):
☐ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
✓ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C., §§ 841(a)(1), 846 | distribution of controlled substances and conspiracy to distribute controlled substances; firearms offenses |
| Title 18, U.S.C., §§ 2, 924 | |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.

✓   Continued on the attached sheet.
☐   Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

I state under penalty of perjury that the foregoing is true and correct.

_____
Applicant's signature
Drew Polan, Senior Inspector
USMS
_____
Printed name and title

Sworn, to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41.

Date: __August 7, 2024__

_____
Judge's signature

City and State: __St. Louis, MO__

Hon. Noelle C. Collins, U.S. Magistrate Judge
Printed name and title
AUSA: Angie E. Danis

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH WHATSAPP ACCOUNT +52-6633272593 THAT IS STORED AT PREMISES CONTROLLED BY WHATSAPP LLC. | Case No. 4:24 MJ 3240 NCC<br><br>**FILED UNDER SEAL**<br><br>SIGNED AND SUBMITTED TO THE COURT FOR FILING BY RELIABLE ELECTRONIC MEANS |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Drew Polan, being first duly sworn via reliable electronic means, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain account that is stored at premises owned, maintained, controlled, or operated by WhatsApp LLC ("WhatsApp"), an electronic communications service and/or remote computing service provider headquartered at 1 Meta Way, Menlo Park, California 94025. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require WhatsApp to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2. I, Drew Polan, am a Senior Inspector with the United States Marshals Service ("USMS") and, as such, I am charged with enforcing all laws in all jurisdictions of the United States, its territories and possessions. My current duty assignment is in the Investigative

Operations Division, Organized Crime and Gangs Branch. My assignment obligates me to investigate, locate, and apprehend fugitives, and support fugitive investigative efforts and program goals on behalf of the USMS. I have been employed with the USMS for 16 years and have a cumulative total of 18 years of experience as a federal law enforcement officer. I have been assigned fugitive investigations for more than 12 years and have been the lead investigator in more than 870 fugitive investigations, in addition to providing investigative assistance in hundreds of others. My experience also includes the utilization of various electronic surveillance measures, empowered through legal process, in over 130 fugitive investigations. These measures include telecommunications intercepts, internet intercepts (including log files, originating IP addresses, methods and locations of connections), open-source investigations, and global positioning systems/radio frequencies tracking devices as they relate to fugitive investigations.

3. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that the requested information will assist the Government in its search for Emanuel Vasquez, a federal fugitive. The United States government, including the investigating agency(ies), is investigating the whereabouts of Emanuel Vasquez. On June 22, 2022, in the Eastern District of Missouri, an arrest warrant was issued for Vasquez, charging conspiracy to distribute and possess, with the intent to distribute, marijuana; knowingly discharging a firearm in furtherance of a drug trafficking crime, resulting in the death of Harvey Holloway; and conspiracy to possess one or more forearms in furtherance of a drug trafficking crime, in case S1-4:22-CR-00116-SRC (SRW). In June 2022, at the request of the United States

Postal Inspection Service and the United States Attorney's Office, the United States Marshals Service initiated a fugitive investigation for Vasquez. Vasquez' current whereabouts are unknown.

5. There is also probable cause to search the information described in Attachment A will assist law enforcement in arresting Vasquez, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).. There is also probable cause to search the information described in Attachment A for information which will assist the Government in its search for Vasquez through the analysis of information further described in Attachment B.

## JURISDICTION

6. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. The United States, including the United States Marshals Service, is conducting a fugitive investigation for Emanuel Vasquez.

8. On June 22, 2022, in the Eastern District of Missouri, an arrest warrant was issued for **VASQUEZ**, charging conspiracy to distribute and possess, with the intent to distribute, marijuana; knowingly discharging a firearm in furtherance of a drug trafficking crime, resulting in the death of Harvey Holloway; and conspiracy to possess one or more forearms in furtherance of a drug trafficking crime in case S1-4:22-CR-00116-SRC (SRW).

9. In June 2022, at the request of the United States Postal Inspection Service and the United States Attorney's Office, the United States Marshals Service initiated a fugitive investigation for **VASQUEZ**. **VASQUEZ**'s current whereabouts are unknown.

10.  Information provided to the USMS indicated the indictment arose out of a drug-related homicide which occurred in University City, within the Eastern District of Missouri, on February 19, 2022.

11.  According to underlying case investigative reports furnished to the United States Marshals Service, in February 2022, a murder occurred in University City, Missouri. Investigation determined **VASQUEZ** fired the shots that led to the death of Harvey Holloway, and the conduct occurred in furtherance of a drug crime. In consultation with various investigators, it was determined **VASQUEZ** likely fled greater St. Louis after the murder occurred. Furthermore, **VASQUEZ** is a lifelong California resident.

12.  In conducting open-source searches of identified associates and family members of **VASQUEZ**, the Instagram profile "llkc556" (https://www.instagram.com/llkc556/) was discovered. While the profile was listed as "Private" and, therefore, photographs and posts ware not publicly viewable, prominently featured on the homepage of the profile was a URL linking to the YouTube video "LIL Manny X Baby D- Free The Thugs (ThirdEyeVisualzz)." In the video, **VASQUEZ** (immediately identifiable by his physical features as compared to his California driver license photograph) was featured prominently. "Manny" was also believed to be a derivation of the name "Emanuel." The Instagram profile was also followed by 946 followers, and follows 1,007 profiles, suggesting the profile is active.

13.  Upon proper application, on June 30, 2022, a court order was issued, compelling the disclosure of Internet Protocol (IP) login information concerning the Instagram profile (4:22-MC-00576 NAB).

14.  On July 6, 2022, your Affiant began to receive login information pursuant to the court order. As provided by Meta Platforms, Inc (the parent company of Instagram), the IP

4

addresses largely resolved to Mexico-based telecom providers. Historical login information for the account also showed device identifiers consistent with an Android mobile phone. Additionally, information provided by Meta included the Registered Email Address associated to the account, listed as zaydahrollup@gmail.com. In reviewing the data, your Affiant found Internet Protocol Version 6 address information which resolved to T-Mobile IP addresses.

15. On July 29, 2022, I applied for, and received a Precision Location Warrant for the aforementioned IP address (in case 4:22 MJ 5179 NAB). Upon proper service, I received telecommunications records indicative of the associated cellular telephone's use having been discontinued. Call records associated with the production by T-Mobile included verification that the International Mobile Equipment Identity (IMEI) for the device was 354911096691820. A query of publicly-available search tools verified the IMEI was associated to an Android mobile phone, serviced by Google.

16. On June 18, 2024, I applied for, and received a federal search warrant for Google records in the Eastern District of Missouri (4:24 MJ 3190 NCC).

17. Subsequent information gleaned from the production from Google included a linked telephone number of 707-384-9257 for Vasquez.

18. Records suggested the 707-384-9257 telephone number's use had been discontinued.

19. Through the use of the Drug Enforcement Administration's administrative subpoena authority, I requested historical phone records ("tolls") concerning the 707-384-9257 telephone number, as well as that of a phone number of an identified romantic partner of Vasquez, and the mother of Vasquez's child.

5

20.     Through common call analysis of the aforementioned telephone numbers, a common contact was identified as **+52-6633272593**. The phone number included the country code associated with Mexico.

21.     In July 2024, I conducted open-source queries for applications in use by the **-2593** number, and found an active WhatsApp profile for the number which contained a profile picture which clearly depicts Vasquez (as compared to his California driver license photograph).

## BACKGROUND CONCERNING WHATSAPP[1]

22.     WhatsApp is a United States company that is the provider of a wire and electronic communication service as defined by 18 U.S.C. §§ 3127(1) and 2510. Specifically, WhatsApp provides an Internet-based multimedia messaging service, WhatsApp Messenger, via a cross-platform smartphone application that enables users to communicate with each other via text, voice, and video. Users can also exchange recorded audio and video messages, photos and other files, and their location. The smartphone application can be paired with the WhatsApp Web or Desktop services to achieve similar functionality from other devices. Communication with other users over WhatsApp requires Internet access.

23.     Each WhatsApp account has a unique account identifier in the form of a verified telephone number. These phone numbers are used by WhatsApp users to identify the intended recipient of the messages that they send as well as the sender of messages that they receive; they

---

[1] The information in this section is based on information published by WhatsApp on its website, including, but not limited to, the following webpages: https://faq.whatsapp.com ("Help Center"); https://www.whatsapp.com/features ("WhatsApp Features"); and https://www.whatsapp.com/legal/privacy-policy ("Privacy Policy").

are like the telephone numbers of incoming and outgoing calls because they indicate both origin and destination(s).

24.     WhatsApp collects and retains information about how each user accesses and uses its service. This includes information about the Internet Protocol ("IP") addresses used to create and use an account, unique identifiers and other information about devices and web browsers used to access an account, session times and durations, and user settings. WhatsApp also maintains transactional logs about undelivered ("offline") communications to an account.

25.     WhatsApp uses IP addresses, phone numbers, and other information to estimate the location of its users.

26.     WhatsApp users can add contacts manually or by granting WhatsApp access to the contacts on their phone and can also "block" and "unblock" contacts. WhatsApp also allows users to create, join, participate in, and leave groups, and group creators and "admins" can add or remove participants, grant or remove admin status, and adjust group settings.

27.     Each WhatsApp user can personalize their account by submitting a profile name, "About" status, and a profile photo. Similarly, groups can be assigned a subject, icon, and description. In my training and experience, this data can be accessed and produced by WhatsApp.

28.     In my training and experience, evidence of who was using a WhatsApp account and from where, and evidence related to criminal activity of the kind described above, may be found in the files and records described above. This evidence may establish the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion. In this case, the information provided by WhatsApp will assist USMS investigators in obtaining information concerning Vasquez' whereabouts, for purposes of arrest.

29. In addition, the user's account activity, logs, profile photo, groups, contacts, and other data retained by WhatsApp can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, subscriber information may be evidence of who used or controlled the account at a relevant time, and device identifiers and IP addresses can help to identify which computers or other devices were used to access the account. Such information also allows investigators to understand the geographic and chronological context of access, use, and events relating to Vasquez's whereabouts.

30. These files and records may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation. For example, information on the account may indicate the owner's motive and intent to commit a crime or consciousness of guilt.

31. Other information connected to the use of an account may lead to the discovery of additional evidence. For example, accounts are often assigned or associated with additional identifiers such as account numbers, advertising IDs, cookies, and third-party platform subscriber identities (including associated Facebook and Instagram accounts). This information may further aid investigators in obtaining information concerning Vasquez's whereabouts.

32. Therefore, WhatsApp's servers are likely to contain records and other information concerning subscribers and their use of WhatsApp. Based on my training and experience, that information is directly germane to assisting investigators in their search for Emanuel Vasquez, a federal fugitive.

## CONCLUSION

33. Based on the forgoing, I request that the Court issue the proposed search warrant.

34. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving the warrant on WhatsApp. Because the warrant will be served on WhatsApp, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## REQUEST FOR SEALING

35. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

**I swear under penalty of perjury that the foregoing is true.**

Respectfully submitted,

_____
Drew Polan
Senior Inspector
United States Marshals Service

**Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41 this __7th__ day of August, 2024.**

_____
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

9

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with WhatsApp account **+52-6633272593** (the "Account") that is stored at premises owned, maintained, controlled, or operated by WhatsApp LLC, a company headquartered at 1 Meta Way, Menlo Park, California 94025.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be disclosed by WhatsApp LLC ("WhatsApp")**

To the extent that the information described in Attachment A is within the possession, custody, or control of WhatsApp, regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that has been deleted but is still available to WhatsApp, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), WhatsApp is required to disclose to the government for each account or identifier listed in Attachment A:

   A. All business records and subscriber information, in any form kept, pertaining to the Account, including:

   1. Identity and contact information (past and current), including full name, e-mail addresses, physical address, date of birth, phone numbers, gender, hometown, occupation, websites, and other personal identifiers;

   2. All prior account numbers and the date and time each account number was active, all associated WhatsApp, Facebook, and Instagram accounts (including those linked by machine cookie), and all records or other information about connections with Facebook, Instagram, third-party websites, and mobile apps (whether active, expired, or removed);

   3. Length of service (including start date), types of services utilized, purchases, and means and sources of payment (including any credit card or bank account number) and billing records;

   4. Devices used to login to or access the Account, including all device identifiers (to include but not limited to electronic serial number (ESN), International Mobile Equipment Identity (IMEI), International Mobile Subscriber Identity (IMSI), Mobile Subscriber Identifier (MSID), Mobile Equipment Identifier (MEID), Subscriber Permanent Identifier (SUPI), Permanent Equipment Identifier (PEI), Generic Public Subscription Identifier (GPSI), Mobile Identification Number (MIN), Mobile Dialed Number (MDN), Media Access Control (MAC) addresses, Internet Protocol (IP) Addresses and Ports, and make/model of the device);
   attributes, user agent strings, and information about networks and connections, cookies, operating systems, and apps and web browsers;

5. All records or other information regarding the devices associated with, or used in connection with the account including International Mobile Subscriber Identities ("IMSI"), International Mobile Station Equipment Identities ("IMEI"), Subscriber Identity Modules ("SIM"), attributes, user agent strings, information about networks and connections, operating systems, apps and web browsers, serial numbers, Unique Device Identifiers ("UDID"), Identifier for Advertisers ("IDFA"), Global Unique Identifiers ("GUID"), Apple ID, Campaign ID, Ad Set ID, Ad Account ID, or any other device specific advertising data collection identifier, Media Access Control ("MAC") addresses, Bluetooth MAC addresses, Integrated Circuit Card ID numbers ("ICCID"), Electronic Serial Numbers ("ESN"), wifi.plist, Base Station Identity Code (BSIC), Basic Service Set Identifier (BSSID), Service Set Identifier (SSID), Network Statistics (NSTAT), Address Resolution Protocol (ARP) Cache, ARP List, ARP Table, Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Push Token, Push Notification Token, or any other notification token, or Tizen Identifier For Advertising (TIFA);

6. All advertising information, including advertising IDs and ad activity;

7. Internet Protocol ("IP") addresses used to create, login, and use the Account, including associated dates, times, and port numbers;

8. Privacy and account settings, including change history; and

9. Communications between WhatsApp and any person regarding the Account, including contacts with support services and records of actions taken;

B. All content created or uploaded by the Account from June 22, 2022 to present, including profile pictures and "About" statuses, and all associated logs and metadata;

C. All content, records, and other information relating to interactions between the Account and other WhatsApp users from June 22, 2022 to present, including but not limited to:

1. All users that have blocked the Account, and all users the Account has blocked;

2. All group information, including group membership and profile reports, group names and pictures, and profile pictures and "About" statuses for group members;

3. All transactional information including offline logs, and all records and other information associated with offline messages; and

4. All associated logs and metadata;

2

D.  All address book information, including all contacts and related sync information; and

E.  All location information from June 22, 2022 to present.

WhatsApp is hereby ordered to disclose the above information to the government within **14 days** of issuance of this warrant.

**II.    Information to be seized by the Government**

All information described above in Section I will assist in arresting Emanuel Vasquez, a federal fugitive. The United States government, including the investigating agency(ies), is investigating the whereabouts of Emanuel Vasquez. On June 22, 2022, in the Eastern District of Missouri, an arrest warrant was issued for Vasquez, charging conspiracy to distribute and possess, with the intent to distribute, mixtures of substances containing detectible amounts marijuana; knowingly possess, brandish, and discharge one or more firearms in furtherance of the commission of the drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: conspiracy to distribute and posses with the intent to distribute marijuana, a Schedule I controlled substance, as charged in Count I herein, and in the course of this violation caused the death of Harvey Holloway through the use of the firearm; conspiracy to possess one or more forearms in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States, to wit: conspiracy to possess with intent to distribute marijuana, a controlled substance, in case S1-4:22-CR-00116-SRC (SRW).  In June 2022, at the request of the United States Postal Inspection Service and the United States Attorney's Office, the United States Marshals Service initiated a fugitive investigation for Vasquez. Vasquez' current whereabouts are unknown., including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

A.  Location information which will assist the government in its search for Vasquez, a federal fugitive;

B.  Evidence indicating how and when the Account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crimes under investigation and to the account owner;

C.      Evidence indicating the Account owner's state of mind as it relates to the crimes under investigation;

D.      The identity of the person(s) who created or used the Account, including records that help reveal the whereabouts of such person(s).

E.      The identity of the person(s) who communicated with the Account, as it relates to Vasquez' whereabouts, including records that help reveal their whereabouts.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by WhatsApp LLC ("WhatsApp"), and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of WhatsApp. The attached records consist of _____ **[[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]]**. I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of WhatsApp, and they were made by WhatsApp as a regular practice; and

b. such records were generated by WhatsApp's electronic process or system that produces an accurate result, to wit:

   1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of WhatsApp in a manner to ensure that they are true duplicates of the original records; and

   2. the process or system is regularly verified by WhatsApp, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

6

_____   _____
Date                       Signature